**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO TRANSIT AUTHORITY RETIREE HEALTH CARE TRUST and THE BOARD OF TRUSTEES FOR THE CHICAGO TRANSIT AUTHORITY RETIREE HEALTH CARE TRUST, | ) ) ) ) ) | Case No. _____ |
| | ) | |
| Plaintiffs, | ) | Cook County Case No. 2019L011544 |
| | ) | |
| v. | ) | |
| | ) | |
| DILWORTH PAXSON, LLP; TIMOTHY ANDERSON; and GREENBERG TRAURIG, LLP; | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendant Greenberg Traurig, LLP ("GT"), by its undersigned counsel, hereby gives notice of the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, to the United States District Court for the Northern District of Illinois ("Notice of Removal"). This Court has subject matter jurisdiction over this action based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). As grounds for removal, GT states as follows:

**I.      BACKGROUND**

1.      On October 18, 2019, plaintiffs Chicago Transit Authority Retiree Health Care Trust and Board of Trustees for the Chicago Transit Authority Retiree Health Care Trust (collectively, "RHCT") filed a Complaint against defendants Dilworth Paxson, LLP ("Dilworth"), former Dilworth partner Timothy Anderson, and GT in the Circuit Court of Cook County, captioned *Chicago Transit Authority Retiree Health Care Trust; and the Board of Trustees for the Chicago Transit Authority Retiree Health Care Trust vs. Dilworth Paxson, LLP; Timothy Anderson; and Greenberg Traurig, LLP,* Case No. 2019L011544 (the "State Court Action").

1

2.     Attached as Exhibit A is a true and correct copy of the docket from the State Court Action. Attached as Exhibit B is a true and correct copy of the Compliant filed in the State Court Action.

3.     As alleged in the Complaint, RHCT purchased a series of bonds issued by the Wakpamni Lake Community Corporation. Ex. B, ¶ 1. Both Dilworth and GT served as bond counsel and issued opinion letters on the validity and enforceability of the bonds. Ex. B, ¶¶ 67-68. The bond proceeds were eventually misappropriated and the bonds were the subject of a criminal case. Ex. B, ¶ 3, 239-40. RHCT alleges that Defendants are responsible because they served as bond counsel in the transaction and prepared the opinion letters. Ex. B, ¶¶ 3-5.

4.     GT denies any liability whatsoever under any theory and in any amount. Solely for purposes of this Notice of Removal, GT relies on RHCT's allegations, as set forth in the Compliant, as well as the attached declaration, to satisfy the requirements of removal under 28 U.S.C. §§ 1332, 1441, and 1446.

## II.     REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

5.     Dilworth was served with the Summons and Complaint on October 30, 2019. Ex. C.

6.     Anderson was served with the Summons and Complaint on October 30, 2019. Ex. D.

7.     GT was served with the Summons and Complaint on October 23, 2019. Ex. E.

8.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal shall be filed within 30 days after the defendant is served.

9.     Accordingly, removal is timely.

## III.     THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)

10.    This court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a).

**A. The Amount in Controversy Exceeds $75,000**

11.    In the Complaint, RHCT alleges it suffered "$6,000,000 in losses." Ex. B, ¶ 6.

12.    Accordingly, the amount in controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of the Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," as required under 28 U.S.C § 1332(a).

**B. There Is Complete Diversity of Citizenship**

13.    Because the Chicago Transit Authority Retiree Health Care Trust and its Board of Trustees are citizens of Illinois, and Dilworth, Anderson, and GT are not citizens of Illinois, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

14.    **Plaintiff Chicago Transit Authority Retiree Health Care Trust is a citizen of Illinois.** The Chicago Transit Authority Retiree Health Care Trust is an Illinois corporation with its principal place of business in Chicago, Illinois. Ex. B, ¶¶ 7, 8. Because a corporation is a citizen of its state of incorporation and its principal place of business,  Chicago Transit Authority Retiree Health Care Trust is a citizen of Illinois for the purpose of diversity jurisdiction. *See, e.g., Americold Realty  Trust v. Congara Foods, Inc.,* 136 S. Ct. 1012, 1017 (2016); *Hukic v. Aurora Loan Servs*., 588  F.3d 420, 427 (7th Cir. 2009).

15.    **Plaintiff the Board of Trustees for the Chicago Transit Health Care Trust is comprised of citizens of Illinois.** For the purposes of diversity jurisdiction, a Board of Trustees takes the citizenship of each of its trustees. *Wapensky v. John Hancock Mut. Life Ins. Co.*, 774 F. Supp. 1119, 1122 n.2 (N.D. Ill. 1991); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016) ("[T]his Court continues to adhere to [the] oft-repeated rule that diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all [its] members.'"). The members of the Board of Trustees are all residents of Illinois. Ex. B, ¶ 10.

16.     **Dilworth is a citizen of Pennsylvania, New Jersey, Delaware, and New York.**
Dilworth is a limited liability partnership. For the purposes of diversity jurisdiction, a limited
liability partnership takes the citizenship of each of its partners. *See Carden v. Arkoma Assocs.*,
494 U.S. 185, 195-96 (1990). Dilworth's partners are residents of Pennsylvania and New Jersey.
None of Dilworth's partners are residents of Illinois.

17.     **Timothy Anderson is a citizen of Pennsylvania.** Anderson resides in
Pennsylvania. Ex. B, ¶ 12. Because an individual is a citizen of the state in which he is domiciled,
Anderson is a citizen of Pennsylvania. *See, e.g., RTP LLC v. ORIX Real Estate Capital, Inc*.,
827 F.3d 689, 692 (7th Cir. 2016).

18.     **GT is a Citizen of New York and Florida.** GT is a registered New York limited
liability partnership. Declaration of David E. Hirsch ("Hirsch Decl."), ¶ 5. For the purpose of
diversity jurisdiction, a limited liability partnership takes the citizenship of each of its partners.
*See Carden*, 494 U.S. at 195-96. GT has two partners: Greenberg Traurig, PC ("GT, PC") and
Greenberg Traurig, P.A. ("GT, PA"). Hirsch Decl., ¶ 5. GT, PC is a professional corporation
incorporated in New York with its principal place of business in New York. Hirsch Decl., ¶ 6.
Because professional corporations are "treated like any other corporation," GT, PC is a citizen
of New York, where it is incorporated and has its principal place of business. *Hoagland ex rel.
Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 739 (7th Cir.
2004); *Nat'l Ass'n of Realtors v. Nat'l Real Estate Ass'n, Inc.*, 894 F.2d 937, 939 (7th Cir. 1990).
Accordingly, GT, PC is a citizen of New York.

19.     GT, PA is a professional corporation incorporated in Florida, with its principal
place of business in Florida. Hirsch Decl., ¶ 7. Although GT, PA includes the words "professional
association" in its name, this is a formality required under Florida law. Specifically, Florida law
requires that "[i]n the case of a professional corporation, the words 'professional association,' or

4

the abbreviation 'P.A.'" be included in the corporation's name. FLA. STAT. ANN. §

621.12(2)(b)(1); *see In re Adams*, 389 B.R. 762, 764 (Bankr. M.D. Fla. 2007) (holding that the

P.A. designation indicates the corporation "is a professional association, as required by Chapter

621" which requires the name of a professional corporation to "contain the words 'professional

association' or the abbreviation 'P.A.'"); *Hewlett-Packard Fin. Servs. Co. v. Brevard Cty. Clerk*

*of the Circuit Court*, No. 6:14-cv-60-Orl-36DAB, 2014 WL 1464410, at \*6 (M.D. Fla. Apr. 15,

2014) (recognizing that under Florida law, a professional association "is a corporation for diversity

purposes").

20.     Because an incorporated entity takes the citizenship of the state in which it is

incorporated and its principal place of business, GT, PA is a citizen of Florida for diversity

purposes.

21.     RHTC and its Board of Trustees are citizens of Illinois. Dilworth is a citizen of

New Jersey and Pennsylvania. Anderson is a citizen of Pennsylvania. GT is a citizen of New York

and Florida.

22.     Accordingly, there is complete diversity. 28 U.S.C. § 1332(a).

## IV.    GT SATISFIES THE PROCEDURAL REQUIREMENTS FOR REMOVAL PURSUANT TO 28 U.S.C.  § (a)

### A.  Venue Is Proper

23.     This action is properly removed to this Court because the Circuit Court of Cook

County, Illinois is located within the Northern District of Illinois. *See* 28 U.S.C. §§ 93(a), 1446(a).

### B.  State Court File

24.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process,

pleadings, orders, and documents served upon or by GT in the State Court Action are attached

hereto as follows:

- Exhibit A: Docket from the State Court Action;

- Exhibit B: Complaint from the State Court Action;

- Exhibit C: Summons for Dilworth from the State Court Action.

- Exhibit D: Summons for Anderson from the State Court Action.

- Exhibit E: Summons for GT from the State Court Action.

To GT's knowledge, no other documents or pleadings were filed in the State Court Action.

## C. Written Notice of Removal

25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for RHTC. A copy of this Notice of Removal also is being filed in the State Court Action.

## D. Consent of All Defendants

26.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendants Dilworth and Anderson consent to this removal. Out of an abundance of caution, Dilworth and Anderson also have signed this Notice of Removal indicating their consent. *See Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997) (requiring all served defendants to *join* the removal petition by signing it); *Partners v. Belt Ry. Co. of Chicago*, No. 16-cv-3583, 2016 WL 3907053, at *2 (N.D. Ill. July 19, 2016) (recognizing *Gossmeyer*'s continued validity is in doubt after removal statute was amended to allow all served defendants to *consent* to removal).

## V.     CONCLUSION

27.  GT reserves its right to amend or supplement this Notice of Removal.

WHEREFORE, defendant Greenberg Traurig LLP respectfully removes this action form the Cook County Circuit Court to this Court.

Dated: November 15, 2019                    Respectfully submitted,


                                            /s/ *John R. Storino*
                                            John R. Storino (6273115)
                                            Caroline L. Meneau (6309554)
                                            Hope H. Tone (6330548)
                                            Jenner & Block LLP
                                            353 N. Clark Street
                                            Chicago, IL 60654
                                            Telephone: (312) 222-9350
                                            Facsimile:  (312) 527-0484
                                            JStorino@jenner.com
                                            CMeneau@jenner.com
                                            HTone@jenner.com
                                            *Attorneys for Greenberg Traurig, LLP*

## CONSENT TO REMOVAL

Defendants Dilworth Paxson, LLP and Timothy Anderson hereby consent to the removal to federal court of the case captioned *Chicago Transit Authority Retiree Health Care Trust; and the Board of Trustees for the Chicago Transit Authority Retiree Health Care Trust vs. Dilworth Paxson, LLP; Timothy Anderson; and Greenberg Traurig, LLP,* Case No. 2019L011544, pursuant to 28 U.S.C. § 1446(b)(2)(a), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

DATED: November 15, 2019

**Defendant Dilworth Paxon, LLP**

By:  /s/ *Michael Dockterman____*
One of its attorneys:

Michael Dockterman
Stacie R. Hartman
Steptoe & Johnson LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1243

**Defendant Timothy Anderson**

By:  /s/ *Michael Dockterman____*
One of its attorneys:

Michael Dockterman
Stacie R. Hartman
Steptoe & Johnson LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
(312) 577-1243

## CERTIFICATE OF SERVICE

I, John R. Storino, an attorney, hereby certify that on November 15, 2019, I caused a true and correct copy of the foregoing document to be served via email and first class mail upon the following:

Aaron H. Stanton
astanton@burkelaw.com
Eric P. VanderPloeg
evanderploeg@burkelaw.com
Lauren B. Wright
lwright@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., 21st Floor
Chicago, Illinois 60611
*Attorneys for Plaintiff*

Michael Dockterman
mdockterman@Steptoe.com
Stacie Hartman
shartman@Steptoe.com
Steptoe & Johnson LLP
227 West Monroe Street, Suite 4700
Chicago, IL 60606
*Counsel for Defendants*
*Dilworth Paxson, LLP and Timothy Anderson*

By:  /s/ *John R. Storino*
*Attorney for Greenberg Traurig, LLP*