UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO TRANSIT AUTHORITY RETIREE HEALTH CARE TRUST and THE BOARD OF TRUSTEES FOR THE CHICAGO RETIREE HEALTH CARE TRUST,<br><br>                      Plaintiffs,<br>v.<br>DILWORTH PAXSON LLP and TIMOTHY ANDERSON,<br><br>                      Defendants. | Case No. 19-cv-07570<br><br>Honorable Mary M. Rowland |

**DEFENDANTS DILWORTH PAXSON LLP'S AND TIMOTHY B. ANDERSON'S
<u>RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT</u>**

Defendants Dilworth Paxson LLP and Timothy B. Anderson (collectively, "Dilworth"), respectfully submit that the Complaint should be dismissed, with prejudice, on the basis of this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion") and the Memorandum of Law in Support filed concurrently herewith.

This suit arises out of a criminal misappropriation by convicted felons (whom Plaintiffs never sued) of funds Plaintiffs invested in bonds issued by a sovereign tribal entity associated with the Oglala Sioux Tribe. Plaintiffs not only did not sue those convicted of misappropriating their funds and defrauding them, but they also did not sue their investment advisor who convinced them to make the investment. Instead, Plaintiffs have sued Dilworth, the lawyers who handled the routine aspects of the bond transaction, with wholly implausible – and solely conclusory – allegations, devoid of facts, such as the farfetched notion that highly-regarded lawyers such as Dilworth entered into an agreement with the convicted felons for those felons to steal Plaintiffs'

funds. Dilworth did not cause Plaintiffs' alleged injury, and Plaintiffs have not – and cannot – plausibly allege any of their claims under either Rule 12(b)(6) or the heightened pleading standard of Rule 9(b), as explained more fully in the accompanying memorandum of law.

In sum, Plaintiffs fail to state a claim for negligence because they have not alleged facts demonstrating that Dilworth owed any duty to Plaintiffs, let alone breached any duty, or that the alleged breach proximately caused Plaintiffs' alleged losses. Instead, Plaintiffs' allegations demonstrate that the intervening criminal acts caused the injury. Plaintiffs' aiding and abetting claim fails because they have not plausibly alleged any facts that Dilworth was regularly aware of having any role as part of the alleged breach by Plaintiffs' investment advisor of their fiduciary duty to Plaintiffs, or that Dilworth knowingly and substantially assisted the advisor's breach. Plaintiffs fail to state a claim for civil conspiracy to commit fraud because they have not plausibly alleged any agreement by Dilworth or any act of fraud in furtherance of the conspiracy. Plaintiffs' tortious interference with contract claim fails, including because Plaintiffs have not alleged Dilworth induced any breach of contract by Plaintiffs' investment advisor, let alone that Dilworth intended to induce any breach.

Plaintiffs' allegations give rise only to the "obvious alternate explanation" that Dilworth acted lawfully in its role as bond counsel in the routine matters of drafting letters and conveying wire transfer information. *Ashcroft v. Iqbal*, 129 S.Ct. at 1951-52 (2009). Plaintiffs' allegations establish only that it was the acts of others that caused Plaintiffs' injury, and they cannot allege any facts that would set forth any plausible claim against Dilworth.

WHEREFORE, for the reasons set forth herein and in its Memorandum of Law in Support of its Motion to Dismiss, Dilworth respectfully requests that this Court dismiss Plaintiffs' claims against it with prejudice.

Dated: December 23, 2020

Respectfully submitted,

*/s/* Michael Dockterman

Michael Dockterman
(Illinois Bar No. 3121675)
Stacie R. Hartman
(Illinois Bar No. 6237265)
Steptoe & Johnson LLP
227 W. Monroe St., Suite 4700
Chicago, IL 60606
Phone: (312) 577-1300
mdockterman@steptoe.com
shartman@steptoe.com

*Attorneys for Defendants Dilworth Paxson LLP and Timothy Anderson*

**CERTIFICATE OF SERVICE**

I, Michael Dockterman, an attorney, hereby certify that on December 23, 2020, I caused a true and correct copy of the foregoing **DEFENDANTS DILWORTH PAXSON LLP'S AND TIMOTHY B. ANDERSON'S RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT** to be electronically filed with the Clerk of Court using CM/ECF, which will serve all counsel of record.

                                                    */s/* Michael Dockterman

                                                    Michael Dockterman
                                                    Steptoe & Johnson LLP